## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

JOEL CASTORENA FLORES,
on his own behalf
and on behalf of all others similarly situated,

Plaintiff,

v.

LEO LANDSCAPE, LLC
and JOSE ANTONIO CARBAJAL CASTILLO

Defendants.

---

## CLASS ACTION COMPLAINT FOR UNPAID WAGES

---

This case arises from Defendants' employment of the named Plaintiff and other Mexican guestworkers to perform landscaping labor for sub-minimum wages. By and through his undersigned counsel, the Plaintiff files this Class Action Complaint for Unpaid Wages on his own behalf and on behalf of all others similarly situated.

### STATEMENT OF THE CASE

1.     Plaintiff and those similarly situated ("others") are or were formerly employed by Defendants to work in Defendants' landscaping business, which maintains its principal office address at 12505 County Road 2, Brighton, Colorado 80603. Plaintiff and others performed work for Defendants at locations throughout Colorado's front range.

2.     Plaintiff and others are Mexican citizens that came to the United States on H-2B guestworker visas permitting them to work for Leo Landscape. 8 U.S.C. §

1101(a)(15)(H)(ii)(b).  The H-2B program allows U.S. employers who meet specific regulatory requirements to bring foreign nationals to the United States to fill temporary nonagricultural jobs.  29 C.F.R. § 503.16.

3.     Plaintiff and others came to Colorado in the belief that Defendants would employ them in accordance with the requirements of the H-2B program.

4.     Instead, Plaintiff and others experienced poor working conditions, were subjected to threats of deportation, and had deductions taken from their pay that they were not notified of and never agreed to.

5.     In violation of visa program regulations and pertinent statutes, Defendant Leo Landscape solicited or received payment of recruitment fees from prospective H-2B workers.

6.     In violation of visa program regulations and pertinent statutes, Defendants failed to reimburse the Plaintiffs and others for the cost of their H-2B visas, associated visa processing fees and subsistence during the visa application process.

7.     In violation of visa program regulations and pertinent statutes, Defendants failed to reimburse the Plaintiff and others for the cost of their travel between Mexico and their jobs in Colorado and for subsistence associated with that travel.

8.     Defendants did not pay the Plaintiff and others required minimum wages for all hours worked.

9.     Defendants did not pay the Plaintiff and others overtime premiums for all hours worked in excess of 40 hours in a workweek.

10.    Defendants denied the Plaintiff and others mandatory, compensated rest-breaks and failed to compensate them for the denial of those rest breaks.

11.     Defendants failed to provide the Plaintiff and others with paid sick leave required by Colorado law.

12.     Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq*., the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et. seq.,* their contract with the Plaintiff H-2B Guestworkers, the Colorado Healthy Families and Workplaces Act ("HFWA"), C.R.S. § C.R.S. § 8-13.3-401 *et seq.*, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.*

13.     Plaintiff asserts his claims for unpaid wages and breach of contract on behalf of himself and of all others similarly situated.

## PARTIES, JURISDICTION, AND VENUE

14.     At all material times, Plaintiff and others were citizens of Mexico employed temporarily in Colorado as guestworkers pursuant to the H-2B visa program.

15.     Plaintiff and others were employed by Defendants at times between January 1, 2022 and the present. During their employment, they performed landscaping work for Defendants in Colorado. Plaintiff's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

16.     Plaintiff and others came to the United States on temporary H-2B visas. During times relevant to this lawsuit, Plaintiffs and others performed work for Defendants in and around Brighton, Colorado.

17.     Defendant Leo Landscape, L.L.C. ("Leo Landscape" or "the company") is a Colorado Limited Liability Company with a principal office street address of 12505 County Road 2, Brighton, Colorado 80603.

18.     Defendant Leo Landscape was organized in 2014 and is registered in good standing to do business in Colorado.

19.     Defendant Jose Antonio Carbajal Castillo ("Defendant Carbajal") is a natural person who is a resident of Colorado.

20.     Defendant Carbajal is the principal owner and manager of Defendant Mountain Premier Cleaning Services, L.L.C. ("MPC").

21.     Defendant Carbajal is the C.E.O. of Leo Landscape.

22.     Upon information and belief, Defendant Carbajal owns a controlling interest in Leo Landscape.

23.     Defendant Carbajal had the authority to hire and fire the Plaintiff and the other H-2B guestworkers employed by Leo Landscape.

24.     Defendant Carbajal regularly issued work assignments and instructions to the Plaintiff and others.

25.     Defendant Carbajal received and adjusted complaints concerning underpayment made to him by the Plaintiff and others.

26.     Defendant Carbajal possessed and exercised the power to determine overtime payment policy governing the Plaintiffs' work for Leo Landscape.

27.     Defendant Leo Landscape sponsored the H2B guestworker visas enabling the Plaintiffs and others to work in the United States.

28.     Defendant Carbajal regularly interacted with the Plaintiffs and others on behalf of Leo Landscape.

29.     Defendant Carbajal was a joint employer of the Plaintiff and others, during their work for Leo Landscape.

30.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

31.     Plaintiffs request that this Court exercise its supplemental jurisdiction over their claims under the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq*., the Colorado Healthy Families and Workplaces Act ("HFWA"), C.R.S. § C.R.S. § 8-13.3-401 *et seq.*, the Colorado Wage Claim Act, C.R.S. § 8-4-109 *et seq*. and under Colorado common law.

32.     Venue is proper pursuant to 28 U.SC. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

33.     Defendants jointly employed the Plaintiff and other H-2B guestworkers brought to the United States by Defendant Leo Landscape (hereinafter "others") as landscapers at times between January 1, 2022 and the present.

34.     Defendants employed the Plaintiffs and others within the State of Colorado.

35.     Plaintiffs and others performed labor for the benefit of Defendants where Defendants commanded when, where, and how much labor they were to perform.

36.     Plaintiffs handled supplies, equipment, and other materials and tools necessary for their jobs which moved in interstate commerce.

37.     In 2022, 2023 and 2024 Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

38.     In 2022, 2023 and 2024 Defendant Leo Landscape operated an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00.

39.     In 2022, 2023 and 2024 Defendant Leo Landscape made sales to individuals and/or businesses not resident of the state of Colorado.

40.     Upon information and belief, in each year relevant to this action, Defendant Leo Landscape processed credit card sales using interstate mails, telephone or telecommunications networks.

41.     Defendants employed the Plaintiff and others in interstate commerce.

### Failure to Pay Minimum and Overtime Wages

42.     Defendants failed to pay the Plaintiff and others required minimum and overtime wages for all hours worked. These violations occurred for several reasons.

43.     Plaintiff and others worked in excess of forty hours per week for Defendants.

44.     Though Plaintiff and others worked more than forty hours in given workweeks workweek, Defendants failed to pay overtime premiums for all overtime hours they worked.

45.     For example, in the weekly pay period running from April 16, 2023 through April 22, 2023, Plaintiff worked fifty (50) hours for Defendants. He was paid for all hours at his straight time rate. He was not paid overtime premiums.

46.     For example, in the weekly pay period running from August 13, 2023 through August 19, 2023, Plaintiff worked fifty (50) hours for Defendants. He was paid for all hours at his straight time rate. He was not paid overtime premiums.

47.     During the 2022 season, Defendants failed to pay all overtime hours the H-2B workers labored at required overtime rates.

48.     During the 2023 season, Defendants instituted a formal policy of paying all hours at a day rate, which did not increase, regardless of how many hours the Plaintiff and the other H-2B workers worked.

6

49.     During the 2024 season, Defendants failed to pay all overtime hours the H-2B workers labored at required overtime rates.

50.     Defendants failed to pay the Plaintiff and others the required minimum wage for all hours worked.

51.     When Defendants failed to reimburse the Plaintiff and others for visa fees and travel expenses they incurred to get to the job, they took a functional deduction from gross wages paid, thereby dropping the earnings of the Plaintiff and others below required minimum hourly rates.

52.     When Defendants took unauthorized and unlawful deductions from Plaintiffs' and others' wages, they dropped the earnings of the Plaintiffs and others below required minimum hourly rates.

**Failure to Provide Mandatory Compensated Rest Breaks**

53.     Plaintiff and others routinely worked shifts in excess of four hours for Defendants.

54.     Defendants regularly failed to provide the Plaintiff and others required, compensated and duty-free rest breaks of ten minutes for each four hours of work.

55.     Defendants did not supplement the pay given to the Plaintiff or others for denial of required, compensated and duty-free rest breaks.

56.     When the Plaintiff and others were required to work through their ten-minute rest periods, their shifts were effectively extended by ten minutes for each four hours of duration.

57.     Defendants' failure to authorize and permit required, compensated, and duty-free rest periods was a failure to compensate the Plaintiff and others similarly situated.

## Breach of H-2B Employment Contract

58.     Defendant Leo Landscape entered into an employment contract with the Plaintiff and others when they hired them through the H-2B visa program.

59.     By participating in the H-2B visa program, Defendant Leo Landscape agreed as part of its Application for Temporary Employment Certification that it would abide by the conditions of the H-2B employment contract ("the contract").   29 C.F.R. § 503.16.

60.     The contract guarantees rates of pay, limits deductions from pay, mandates the frequency of pay, regulates transportation and visa fees, and requires compliance with federal, state and local law. *Id.*

61.     The contract requires that the employer provide the H-2B workers with a copy of the job order in a language understood by the worker outside of the U.S. and no later than the time at which the worker applies for the visa.  29 C.F.R. § 503.16(l).

62.     H-2B workers must be provided or reimbursed for all visa, border-crossing, and visa-related fees in their first workweek of employment. 29 C.F.R. § 503.16(j).

63.     H-2B workers have the right to be provided or, upon completion of fifty percent of the job order period, reimbursed for reasonable costs incurred for transportation and subsistence  (including lodging incurred on the employer's behalf and meals) from the worker's home to the place of employment. *Id.*

64.     H-2B workers have the right upon completion of the job order or if dismissed early for any reason, to be provided or paid for return transportation and subsistence during return travel to their home country.  *Id.*

65.    An employer may not make an unauthorized deduction that will reduce an H-2B worker's wage payment below the minimum amount required by the offered wage.  29 C.F.R. § 503.16(c).

66.    An employer may not make any deductions from wages not specified in the job order contract.  29 C.F.R. § 503.16(c).

67.    An H-2B employer and its agents are prohibited from seeking or receiving payment for activity related to obtaining H-2B labor certification or employment.  29 C.F.R. § 503.16(o).

68.    Defendant Leo Landscape failed to pay Plaintiff and others the offered wage by making unlawful deductions from wages, and by failing to reimburse workers for visa fees and other out-of-pocket travel expenses.

69.    Defendant Leo Landscape and/or its agents breached its contract with Plaintiff and others by seeking or receiving payment for activity related to obtaining H-2B labor certification or employment.

70.    Defendant Leo Landscape failed to pay Plaintiff and others the required minimum and overtime wage rates for all hours worked.

71.    These failures to compensate the Plaintiff and others constitute breaches of Leo Landscape's H-2B employment contract with them.

72.    The guarantees of the H-2B guestworker contract defined "the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time" of the Plaintiffs' and others' separation from employment.  C.R.S. § 8-4-109(1).

73.    Defendant Leo Landscape failed to make required written disclosures to the Plaintiff and others in Mexico, prior to their arrival in the United States.

74.     This failure to make required disclosures constitutes a breach of Leo Landscape's H-2B employment contract with the Plaintiff and others.

75.     Defendant's H-2B contract with the Plaintiff and others requires that Defendants "must comply with all applicable Federal, State and local employment-related laws and regulations, including health and safety laws." 29 C.F.R. § 503.16(z).

76.     Defendant's failure to provide paid sick leave required by the Colorado HFWA constitutes a breach of Leo Landscape's H-2B employment contract with the Plaintiff and others.

77.     Defendant's failure to provide paid rest breaks required by Colorado Overtime and Minimum Pay Standards Order 7 CCR 1103-1 ¶5 constitutes a breach of Leo Landscape's H-2B employment contract with the Plaintiff and others.

## Failure to Provide Paid Sick Leave

78.     Under the Colorado Healthy Families and Workplaces Act ("HFWA"), Plaintiff and others were entitled to at least one hour of paid leave per thirty (30) hours worked, up to a total of at least forty-eight (48) hours per year. C.R.S. § 8-13.3-403(2)(a).

79.     Defendants violated the HFWA by denying Plaintiff and others "paid sick leave" as defined in the Colorado HFWA. C.R.S. § 8-13.3-402(8)(a)(I).

80.     By denying paid sick leave, Defendants failed to pay "wages" to Plaintiff and others as defined in the Colorado HFWA. C.R.S. § 8-13.3-402(8)(b).

81.     Defendants' failure to provide Plaintiff and others with their HFWA paid sick leave violated the H-2B contract's requirement that Defendants "must comply with all applicable Federal, State and local employment-related laws and regulations, including health and safety laws." 29 C.F.R. § 503.16(z).

82. The paid sick leave of which Plaintiffs and others were deprived is a component of "the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of" separation from employment. C.R.S. §§ 8-4-109(1); 8-13.3-402(8)(b).

## COLLECTIVE ACTION ALLEGATIONS

83. The Plaintiff brings his Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated current and former employees. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

84. The statute of limitations dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

85. All potential 216(b) Class Members are similarly situated because they worked for Defendants subject to common policies and practices which denied workers required minimum and overtime wages.

## RULE 23 CLASS ALLEGATIONS

86. The Plaintiff brings his Count II, III, IV, V and VI claims under the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et. seq.,* under their H-2B guestworker contract, under the Colorado Healthy Families and Workplaces Act ("HFWA"), C.R.S. § C.R.S. § 8-13.3-401 *et seq.,* and under the Colorado Wage Claim Act ("CWCA"),

C.R.S. § 8-4-101 *et. seq.*, on behalf of themselves and on behalf of similarly situated current and former employees, pursuant to Fed.R.Civ.P. 23(b)(3).

87.     Pending any modifications necessitated by discovery, Plaintiffs preliminarily defines the "Rule 23 Class" as follows:

> All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

88.     Because common questions of law and fact predominate, class status is the superior method of handling this case. Fed.R.Civ.P. 23(b)(3). Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members in individually controlling the prosecution of this action, and there are no likely difficulties in managing a class action.

89.     While the exact number of the members of the alleged class is unknown to Plaintiff at this time, and can only be ascertained though appropriate discovery, Plaintiff believes that there are approximately 60 individuals in the alleged class. It is also difficult to ascertain the exact number of class members because of the vulnerable position of many of the individuals affected. This class is composed of H-2B immigrant workers.  Most speak very limited English and lack understanding of the United States' legal system. They have been threatened with retaliation, in the form of being sent back to their home country or not being asked to come back for a future contract if they attempt to assert their employment rights or demand fair treatment. Therefore, while this class may be small, it is important that these workers be able to use class status as a vehicle to vindicate their rights as H-2B workers.

90.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or

identical causes of action would not serve the interests of judicial economy. This is especially true in the case of low-wage H-2B guestworkers, like the class members here, who are unfamiliar with the U.S. legal system, are unlikely to seek legal representation, cannot realistically navigate the courts *pro se*, and whose small claims make it difficult to retain legal representation.

91.     Common questions of law and fact exist as to the class which predominate over any questions affecting class members individually and include, but are not limited to the following:

      a.   Whether the Defendants jointly employed the Plaintiff class;

      b.   Whether Defendants were subject to the overtime requirements of the COMPS Order;

      c.   Whether Defendants failed to pay overtime premiums for hours worked in excess of 40 in a week;

      d.   Whether Defendants' failures to reimburse out-of-pocket expenses borne by workers violated Colorado minimum wage law;

      e.   Whether Defendants failed to provide mandatory, duty-free, compensated rest breaks;

      f.   Whether Defendants failed to make required payments to class members for required rest breaks they were denied;

      g.   Whether Defendants' violations of the COMPS Order and predecessor Wage Orders constituted violations of the Colorado Minimum Wage Act;

h. Whether Defendants' failure to pay all wages owed to Plaintiff and others upon separation from employment constituted a violation of the Colorado Wage Claim Act;

i. Whether Defendant Leo Landscape breached the H-2B employment contract entered into with Plaintiff and others;

j. Whether Defendant Leo Landscape's breach of the H-2B employment contract entered into with Plaintiff and others constituted a violation of Colorado common law;

k. Whether the Plaintiff seasonal H-2B guestworkers enkjoyed the paid sick leave protections of the HFWA;

l. Whether Defendants were subject to the paid sick leave requirements of the HFWA; and

m. The nature and extent of damages.

92. The class claims asserted by Plaintiff are typical because Plaintiff experienced the same or similar working conditions and pay practices as the other H-2B guestworkers.

93. Plaintiff will fairly and adequately protect and represent the interests of the class. Plaintiff was Defendants' employee and was victim of the same violations of law as the other class members.

94. Plaintiff is represented by counsel experienced in litigation on behalf of low-wage and foreign workers.

95. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards for Defendants.

96.     The contours of the alleged classes will be easily defined by reference to payroll documents that the Defendants were legally required to create and maintain. 7 CCR 1103-1(7.1).  Notice will be easily distributed because all members of the putative classes are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## CLAIMS FOR RELIEF

### COUNT I – Failure to Pay Minimum and Overtime Wages
### Violation of the Fair Labor Standards Act, 29 U.S.C. § § 201 *et. seq.*

97.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-52 and 83-85 above as if fully set forth herein.

98.     The Plaintiff asserts this claim against all Defendants.

99.     The Plaintiffs asserts this Count on his own behalf and on behalf of all others similarly situated ("others").  29 U.S.C. § 216(b). Plaintiff preliminarily defines the putative § 216(b) class as:

> All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

100.     The Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

101.     The Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. §203(g).

102.     The Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

103.     Defendants employed the Plaintiff and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

15

104.    Defendants violated the FLSA when they failed to pay the Plaintiff and others minimum wage by subjecting them unlawful deductions from wages.

105.    Defendants violated the FLSA when they failed to pay the Plaintiff and others minimum wage because they and failed to reimburse them for out-of-pocket expenses associated with visa fees and travel costs.

106.    Defendants violated the FLSA when they failed to pay the Plaintiff and others overtime premiums for all hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

107.    Defendants' violations of the FLSA were wilful. 29 U.S.C. § 255(a).

108.    Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

109.    Plaintiff and others are entitled to recover unpaid wages, overtime premiums, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Minimum and Overtime Wages and to Provide Compensated Rest Breaks
### Violation of Colorado Overtime and Minimum Wage Pay Standards (COMPS) Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1

110.    Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-57 and 86-96 above as if fully set forth herein.

111.    Plaintiff asserts this claim against all Defendants.

112.    The Plaintiff asserts this claim against all Defendants on behalf of himself and a putative class preliminarily defined as:

> All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

113. This Count seeks the recovery of unpaid minimum and overtime wages and wages arising from mandatory rest breaks denied between January 1, 2022 and the present.

114. Defendants were Plaintiff's and others' "employers" as that term is defined by the COMPS Order because they suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiffs and others. 7 C.C.R. 1103-1¶ 1.6(A).

115. Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff and others, who performed the primary work of the employers. 7 C.C.R. 1103-1¶ 1.5(A).

116. Defendants employed the Plaintiff and others in a landscaping business that provides services in Colorado.

117. Defendants employed the Plaintiff and others in an industry regulated by COMPS Orders 38 and 39. 7 C.C.R. 1103-1(1.1).

118. Defendants violated the COMPS Order when they failed to authorize and permit the Plaintiff and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 C.C.R. 1103-1 ¶¶ 5.2.3, 5.2.4.

119. Defendants violated the COMPS Order when they failed to make payments to the Plaintiff and others to compensate them for mandatory rest breaks they were denied.

120. Defendants violated the COMPS Order when they failed to pay the Plaintiff and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A).

121. Defendants violated the COMPS Order when they failed to pay the Plaintiff and others the required minimum wage for all hours worked. 7 CCR 1103-1 ¶ 3.1.

122. As a result, the Plaintiff and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

123. Plaintiff and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

### COUNT III – Failure to Pay Minimum and Overtime Wages and to Provide Compensated Rest Breaks Violation of Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*

124. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-57, 86-96 and 110-123 above as if fully set forth herein.

125. Plaintiff asserts this claim against all Defendants.

126. Plaintiff asserts this claim against all Defendants on behalf of themselves and a putative class preliminarily defined as:

All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

127. When Defendants failed to make payments in compliance with the COMPS Order, 7 CCR 1103-1, they failed to pay the minimum wages fixed by the Director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

128. Defendants' failure to make payments required by the COMPS Order violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

129. As a result of Defendants' violations of the law, Plaintiff and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

130.     Plaintiff and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118.

## COUNT IV – Breach of H-2B Employment Contract

131.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-77 and 86-96 above as if fully set forth herein.

132.     Plaintiff asserts this claim against Defendant Leo Landscape only.

133.     Plaintiff assert this claim against Defendant Leo Landscape on behalf of himself and a putative class ("others") preliminarily defined as:

> All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

134.     Plaintiff and others entered into an H-2B employment contract with Defendant Leo Landscape.

135.     Plaintiff and others agreed to perform landscaping tasks for Defendant Leo Landscape, in exchange for certain compensation.

136.     Specifically, Defendant agreed to pay Plaintiff and others a fixed hourly rate and overtime premiums for set minimum numbers of hours and to reimburse them for the costs of obtaining visas, and for any travel costs associated with arriving to and returning from their job placements in Colorado.

137.     By failing to pay Plaintiff and others this compensation, Defendant Leo Landscape breached its H-2B employment contract with Plaintiff and others.

138.     As a result, the Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

19

139. As a result of the breaches detailed above, the Plaintiff and others have suffered consequential damages in an amount to be determined at trial.

140. Plaintiff and others are entitled to recover the unpaid balance of the full amount of the wages owed to them.

141. Plaintiff and others are entitled to recover the consequential damages owed which they suffered as a result of Defendant's breaches.

### COUNT V – Violation of Colorado Healthy Families and Workplaces Act, C.R.S. § 8-13.3-401, et. seq.

142. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-41, 78-82, and 86-96 above as if fully set forth herein.

143. Plaintiff asserts this claim against all Defendants.

144. Plaintiff asserts this claim against all Defendants on behalf of himself and a putative class ( "others") preliminarily defined as:

> All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

145. Defendant Leo Landscape, LLC is or was the "employer" of Plaintiff and others because it suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiffs and others. C.R.S. § 8-4-101(6). C.R.S. § 8- 13.3-402.

146. Defendant Jose Antonio Carbajal Castillo is or was the "employer" of Plaintiffs and others because he was a corporate officer who exercised day-to-day operational control over the business. C.R.S. § 8-4-101(6).

147. Plaintiff and others are or were Defendants' "employees" as that term is defined by C.R.S. § 8-4-101(5), because Plaintiff and others are or were "person[s] . . . performing labor or services for the benefit of an employer." C.R.S. § 8-13.3-402.

148. "All employees working in Colorado have the right to paid sick leave as specified in [the HFWA]." C.R.S. § 8-13.3-403(1)(a).

149. "Each employee earns at least one hour of paid sick leave for every thirty hours worked by the employee; except that an employee is not entitled under this section to earn or use more than forty-eight hours of paid sick leave each year, unless the employer selects a higher limit." C.R.S. § 8-13.3-403(2)(a).

150. "Up to forty-eight hours of paid sick leave that an employee accrues in a year but does not use carries forward to, and may be used in, a subsequent year; except that an employer is not required to allow the employee to use more than forty-eight hours of paid sick leave in a year." C.R.S. § 8-13.3-403(2)(b).

151. The paid sick leave required by HFWA is "time off from work that is [c]ompensated at the same hourly rate or salary and with the same benefits, including health care benefits, as the employee normally earns during hours worked". C.R.S. § 8-13.3-402(8)(a)(I).

152. Defendants violated the HFWA when they failed to provide the Plaintiff and others with paid sick leave required by HFWA. C.R.S. § 8-13.3-403.

153. As a result, when they or their families were ill, the Plaintiff and others were forced to choose to either work or to take unpaid leave.

154. Defendants were required to notify the Plaintiff and others of their entitlement to paid sick leave, specifying the amount to which they were entitled. C.R.S. § 8-13.3-408(1).

155.    Defendant failed to inform the Plaintiff and others of their entitlement to paid HFWA leave.

156.    Covered employers must allow their employees to use their accrued paid sick leave to be absent from work, when the employee or his or her family member has a qualifying illness, injury, health condition or need to obtain diagnosis or care.  C.R.S. § 8-13.3-404(1).

157.    Defendants did not allow the Plaintiff and others to use their accrued paid sick leave to be absent from work when they, or their family members had qualifying illnesses, injuries, health conditions or needs to obtain diagnosis or care.  C.R.S. § 8-13.3-404(1).

158.    The HFWA specifies that employers commit a "retaliatory personnel action" when they "den[y] any right guaranteed under [C.R.S. §§ 8-13.3-401 through 418]."  C.R.S. § 8-13.3- 402(10)(1).

159.    Defendants denied the Plaintiff and others their rights guaranteed by the HFWA and prevented them from using paid sick leave, when they failed to notify them of their entitlement to paid sick leave, specifying the amount to which they were entitled.  C.R.S.  § 8-13.3-408(1).

160.    Defendants committed a "retaliatory personnel action" when they failed to notify the Plaintiffs and others of their entitlement to paid sick leave, specifying the amount to which they were entitled.  C.R.S. § 8-13.3-402(10)(1).

161.    Defendants denied the Plaintiff and others their rights guaranteed by the HFWA and prevented them from using paid sick leave, when they did not allow the Plaintiff and others to use their accrued paid sick leave to be absent from work when they, or their family

22

members had qualifying illnesses, injuries, health conditions or needs to obtain diagnosis or care. C.R.S. § 8- 13.3-404(1).

162.     Defendants committed a "retaliatory personnel action" when they did not allow the Plaintiff and others to use their accrued paid sick leave to be absent from work when they, or their family members had qualifying illnesses, injuries, health conditions or needs to obtain diagnosis or care. C.R.S. § 8-13.3-402(10)(1).

163.     Defendants are liable for back pay, payment of lost wages, liquidated damages, and Plaintiff's and others' reasonable costs, including attorney fees. C.R.S.§§ 8-13.3-411(b)(II), 8-5-104(2).

164.     Plaintiffs and others are due "financial or other reimbursement of unused paid sick leave… as a remedy for [Defendants'] retaliatory personnel action[s] that prevented [them] from using paid sick leave." C.R.S. 8-13.3-403(5)(a)


**COUNT VI – <u>Violation of Colorado Wage Claim Act, C.R.S. § 8-4-101, et. seq.</u>**

165.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-82, 86-96, and 110-164 above as if fully set forth herein.

166.     Plaintiff asserts this claim against all Defendants.

167.     The Plaintiff asserts this claim against all Defendants on behalf of himself and a putative class ( "others") preliminarily defined as:

> All individuals who worked pursuant to H-2B guestworker visas acquired by Leo Landscape, LLC between January 1, 2022 and the present.

168.     Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiffs and others. C.R.S.§ 8-4-101(6).

169. Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff and others, who performed the primary work of the employers. C.R.S. § 8-4-101(5).

170. The applicable COMPS Orders required Defendants to pay the Plaintiff and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A). Defendants failed to make these payments.

171. The applicable COMPS Orders required Defendants to pay the Plaintiff and others required minimum wages for all hours worked. 7 CCR 1103-1¶ 3. Defendants failed to make these payments.

172. Defendants violated the COMPS Order when it failed to authorize and permit the Plaintiff and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

173. Defendants violated the COMPS Order when they failed to compensate the Plaintiff and others for mandatory, compensated ten-minute rest periods which they were denied. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

174. Defendants failed to make payments required by the H-2B guestworker contract. 29 C.F.R. § 503.16.

175. Defendants failed to pay "paid sick leave" as defined in the Colorado HFWA. C.R.S. § 8-13.3-402(8)(a)(I).

176. Defendants failed to pay the Plaintiff and others all wages or compensation due at regular intervals.  C.R.S. § 8-4-103.

177.     Defendants failed to pay the Plaintiff and others the wages or compensation recited above. C.R.S. § 8-4-109.

178.     As a result, the Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

179.     Plaintiff and other former employees are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that:

As to his Count I Claims brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

a)  This case be certified as a collective action pursuant to 29 U.S.C. §216(b);

b)  Plaintiff and others be awarded unpaid minimum and overtime wages;

c)  Plaintiff and others be awarded liquidated damages pursuant to 29 U.S.C. § 216(b);

d)  Plaintiff and others be awarded costs and attorney fees per 29 U.S.C. § 216(b);

e)  Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count II Claims brought under the COMPS Order, Plaintiff respectfully requests an Order from the Court that:

a)  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b) Plaintiff and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due.

c) Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count III Claim brought under the CMWA, Plaintiff respectfully requests an Order from the Court that:

a) This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b) Plaintiff and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due.

c) Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count IV Claim brought under his H-2B guestworker contract with Defendant Leo Landscape, LLC, Plaintiff respectfully requests an Order from the Court that:

a) This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b) Plaintiff and others be awarded the unpaid balance of the full amount of wages and consequential damages owed to them.

c) Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count V claim under the HFWA, Plaintiff and others respectfully request an Order from the Court that:

a) This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b) Plaintiff and others be awarded back pay, payment of lost wages, liquidated damages, and Plaintiff's and others' reasonable costs, including attorney fees. C.R.S.§§ 8-13.3-411(b)(II), 8-5-104(2).

c) Plaintiff and others be awarded "financial or other reimbursement of unused paid sick leave… as a remedy for [Defendants'] retaliatory personnel action[s] that prevented [them] from using paid sick leave." C.R.S. 8-13.3-403(5)(a)

d) Plaintiff and others be awarded such additional legal or equitable relief as may be necessary and appropriate.

As to his Count VI Claim brought under the CWCA, Plaintiff respectfully requests an Order from the Court that:

a) This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b) Plaintiff and others be awarded the unpaid balance of the full amount of wages or compensation owed to them, any statutory penalties due, and any costs or attorney's fees due per C.R.S. §§ 8-4-103, 109 and 110.

c) Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
CO Atty. Reg. #43869
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
(303) 305-8230
andrew@milsteinturner.com

*Counsel for Plaintiff*